UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ADAM U. STEINES, etc., et al.<br><br>Plaintiffs,<br><br>v.<br><br>WESTGATE PALACE, L.L.C., etc., et al.,<br><br>Defendants. | Case No. 6:22-cv-629-RBD-GJK<br><br>CLASS ACTION |

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL ARBITRATION**

Plaintiffs Adam and Miranda Steines (the "Steines Family") respond to Defendants' Reply in Support of their Motion to Compel Arbitration (Doc. 46) as follows:

**INTRODUCTION**

This Court must make an initial determination as to whether the Military Lending Act ("MLA") applies in this case, as it will control whether the arbitration agreement and the delegation clause were void from their inception (*i.e.*, never came into legal existence). The language of the MLA making agreements to arbitrate void from their inception makes this an issue of contract formation that this Court must decide. Defendants' argument that the application of the MLA presents only an enforceability defense that may be delegated to the arbitrator lacks merit.

1

Defendants' Reply also fails to even attempt to rebut that the MLA preempts the Federal Arbitration Act ("FAA"), such that the FAA's general prohibition of defenses specific to arbitration clauses (and delegation clauses) does not apply to the MLA's prohibition of arbitration clauses in connection with loans to military members.

## ARGUMENT

### I. THIS COURT MUST DETERMINE WHETHER THE MLA APPLIES, BECAUSE IT IS AN ISSUE OF CONTRACT FORMATION

In their Reply, Defendants claim that under the FAA a court may only examine whether the parties executed a document titled as an arbitration agreement that contains a delegation clause and, if so, it must send the case to arbitration. Doc. 46 at 2-3. However, **every** case cited by both parties supports that the contract formation issues that courts must decide go well beyond the mere execution of a document calling for arbitration. *See, e.g., Rent-A-Center. West, Inc. v. Jackson*, 561 U.S. 63, 71 (2010) (court must decide whether arbitration agreement was fraudulently induced); *Parm v. Nat'l Bank of Cal., N.A.*, 835 F.3d 1331, 1338 (11th Cir. 2016) (court must decide if arbitration agreement was illusory); *Gibbs v. Haynes Investments, LLC*, 967 F.3d 332, 339 (4th Cir. 2020) (court must decide whether arbitration agreement void as against public policy).

Defendants next claim that the application of the MLA constitutes only a defense to the enforceability of the arbitration agreement (and delegation clause) rather than a challenge to their formation. Doc. 46 at 4. This ignores the express language of the MLA. After declaring it unlawful for a creditor to require the borrower to submit to arbitration, the MLA continues and declares that "any … agreement prohibited under this section is void from the inception of such contract." 10 U.S.C. § 987(f)(3). Put another way, if the MLA applies, no arbitration agreement (and delegation clause) between the Steines Family and Defendants was ever formed.

Despite Defendants' efforts to do so (Doc. 46 at 5-6), the above-cited cases cannot be distinguished from this one. Fraud in the inducement, illusoriness, and voidness as against public policy, if applicable, all prevent the formation of a valid contract, as opposed to merely offering a defense to the enforcement of a validly formed contract. The MLA expressly does the same to arbitration agreements and included delegation clauses.

Defendants once again cite to only one case which supposedly supports their position, but that case is on all fours with those cited by the Steines Family. In *K.F.C. v. Snap, Inc.*, 29 F.4th 835, 838-39 (7th Cir. 2022), as Defendants acknowledge (Doc. 46 at 4), the Seventh Circuit expressly recognized that courts must always decide contract (and delegation clause) formation issues while arbitrators can decide defenses to the enforceability of

3

such agreements if that authority has been delegated to them. It accepted the district court's holding that youth is a defense, not a formation challenge, and affirmed the order compelling arbitration. *Id.* at 837. Again, by its express terms, the MLA does not make unlawful arbitration agreements merely unenforceable, but rather void from their inception.

## II.     THE MLA PREEMPTS THE FAA

Defendants failed to even respond to the Steines Family's second argument as to why the Court must first decide the applicability of the MLA: that it preempts the FAA. Doc. 37 at 12-14. That alone justifies the Court denying arbitration.

Courts need not enforce arbitration agreements where the FAA's mandate has been overridden by another statute. *CompuCredit Corp. v. Greenwood,* 132 S. Ct. 665, 669 (2012). The Supreme Court has expressly recognized that the MLA overrides the FAA. *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1626 (2018). Indeed, the MLA could not be clearer on this point: "**Arbitration.** — *Notwithstanding section 2, of title 9* [of the FAA] … no agreement to arbitrate any dispute involving the extension of consumer credit shall be enforceable against any covered member or dependent of such a member …." 10 U.S.C. § 987(f)(4) (bold emphasis in original, italics emphasis added).

4

In the absence of Section 2 of the FAA making arbitration clauses enforceable in the same manner as all other contracts, a law (such as the MLA) specifically prohibiting arbitration clauses in a certain context must be honored. The cases in which courts enforced state statutes prohibiting arbitration clauses because the McCarren-Ferguson Act preempts the FAA perfectly demonstrate this principle. *See, e.g., Minneland Priv. Day Sch., Inc. v. Applied Underwriters Captive Assur. Co., Inc.*, 867 F.3d 449, 455-56 (4th Cir. 2017), *cert. denied,* 138 S. Ct. 926 (2018); *LeCann v. Aliera Cos., Inc.*, No. 1:20-cv-2429, 2021 WL 2554942, at *17 (N.D. Ga. June 22, 2021), *appeal dismissed,* 2021 WL 6621056 (11th Cir. Nov. 15, 2021). Defendants not only fail to respond to these cases, but they also fail to respond to the entire argument.

## CONCLUSION

For these reasons and the reasons set forth in the Opposition to Defendants' Motion to Compel Arbitration (Doc. 37), the Steines Family respectfully requests the Court to deny Defendants' Motion to Compel Arbitration (Doc. 27) and to award them all other relief to which they may be justly entitled.

DATED: June 7, 2022.            /s/Scott R. Jeeves
                                JEEVES LAW GROUP, P.A.
                                Scott R. Jeeves, FBN: 0905630
                                Kyle W. Woodford, FBN: 1033490
                                2132 Central Avenue
                                St. Petersburg, Florida 33712
                                Telephone: (727) 894-2929

sjeeves@jeeveslawgroup.com
kwoodford@jeeveslawgroup.com
khill@jeeveslawgroup.com

JEEVES MANDEL LAW GROUP, P.C.
Roger L. Mandel (admitted pro hac vice)
2833 Crockett St
Suite 135
Fort Worth, TX 76107
Telephone: 214-253-8300
rmandel@jeevesmandellawgroup.com

VARNELL & WARWICK, P.A.
Janet R. Varnell, FBN: 0071072
Brian W. Warwick, FBN: 0605573
Matthew T. Peterson, FBN: 1020720
Erika Willis, FBN: 100021
1101 E. Cumberland Ave.,
Ste. 201H, #105
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
mpeterson@varnellandwarwick.com
ewillis@varnellandwarwick.com
kstroly@varnellandwarwick.com

CRAIG E. ROTHBURD, P.A.
Craig E. Rothburd, FBN: 0049182
Dylan J. Thatcher, FBN: 1031532
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
Telephone: (813) 251-8800
Fax: (813) 251-5042
craig@rothburdpa.com
dylan@rothburdpa.com
maria@rothburdpa.com

*Counsel for Plaintiffs, individually and on behalf of all others similarly situated*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2022, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

                                      */s/Scott R. Jeeves*
                                      Scott R. Jeeves