UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ADAM U. STEINES, etc., et al. **Plaintiffs,** v. WESTGATE PALACE, L.L.C., etc., et al., **Defendants.** | Case No. 6:22-cv-629-RBD-GJK CLASS ACTION |

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO MOTION TO DISMISS**

Plaintiffs Adam and Miranda Steines ("Steines Family"), hereby respond to Defendants' Reply in Support of Motion to Dismiss(Doc. 45) as follows:

The starting and ending point for the Court's analysis should be the language in the Deed and Timeshare Plan which conveys "an undivided interest in a [203-unit] building in the Resort Facility." Defendants never try to explain how that specific language conveys an interest in a "dwelling" as that term is defined in the MLA ("a residential structure that contains one to four units…" including "an individual condominium unit ….") Nor do they try to explain how the right to make a reservation at one of the 407 units in the facility on a first-come, first-served basis conveys a real property interest at all, much less one in a specific unit. Instead, they pretend that they conveyed a fee interest in Unit 1-1912 and argue how that fictional interest constitutes a real property interest in a "dwelling."  The Court

1

should rely upon the conveyance language, not Defendants' false characterization of the transaction, and deny the Motion to Dismiss.

The case at bar is under the MLA, a federal statute. Yet, Defendants devote most of the Reply arguing that a real property interest was conveyed to the Steines family under the Florida Timeshare Act. Doc. 45 at 3-7. Under the Florida Timeshare Act, a "timeshare estate," which "is a parcel of real property," "means a right to occupy a timeshare unit, coupled with a freehold estate ... in a timeshare property ...." Fla. Stat. § 721.05(34). "'Timeshare property' means one or more timeshare units subject to the same timeshare instrument ...." Fla. Stat. § 721.05(40). So, a "timeshare estate" could constitute an interest in a "dwelling" if it consists of a freehold estate in a "residential structure that contains one to four units" or an "individual condominium unit" in a larger building. On the other hand, if a "timeshare estate" consists of a freehold estate in more than four units, it does not constitute an interest in a "dwelling." That is undisputedly the case here.

The Deed (Doc. 38-1) and incorporated Timesharing Plan (Doc. 28-1 at 252) only convey "ownership in fee simple of an undivided interest in *a building in the Resort Facility* as tenant in common with other Owners which shall constitute said Owner's Timeshare Interest." Timesharing Plan, Doc. 28-1 at 252 (emphasis added). The "building in the Resort Facility" has 203 units (Doc. 28-1 at 218, 249, 251), so it certainly does not qualify as a "dwelling"- "a residential structure that contains one to four units."

2

Defendants mischaracterize this argument as one that real property interests in individual units in structures containing more than four units cannot constitute real property interests in a "dwelling" (i.e., that a real property interest in Unit 1-912 could not constitute an interest in a "dwelling" because it is part of a 203-unit building). Doc 25 at 8. The Steines Family argues no such thing. They argue that a real property interest in the entirety of a 203-unit building, what Defendants conveyed to the Steines Family, rather than a real property interest in just Unit 1-912, does not constitute an interest in a "dwelling."

Defendants misleadingly claim that "Plaintiffs became owners in common with others who share an interest in the unit identified as Building 1, Unit 1912." Doc. 45 at 8-9. This is literally true to the extent that as owners in common of the entire building, including all 203 units, Plaintiffs are owners in common of Unit 1912, just as they are owners in common of the other 202 units. However, the plain language of the MLA exempts only loans secured by an interest in an *individual* unit in a larger building or in a building containing not more than four units. Otherwise, loans to purchase investments in multi-family housing would constitute residential mortgages so long as they are cleverly coupled with some right to occupy one of the units.

Defendants also misconstrue the Steines Family's argument that the supposed right to occupy Unit 1-912 conveyed by the deed *by itself and without regard for the conveyance of the interest in the building* does not constitute a real property interest as an argument that the entire timeshare interest secured by the

3

loan does not constitute a real property interest. Doc. 45 at 3-7. The Steines Family merely explains that once the Court determines that the interest in the 203-unit building does not constitute an interest in a dwelling, the supposed right to occupy Unit 1-912 *by itself* does not constitute a real property interest in a dwelling. Response, Doc 38 at 10-12. Defendants do not dispute that, *by itself*, the right to "occupy" Unit 1912, actually just the right to make a reservation somewhere in the entire 407-unit property, does not constitute a real property interest. Doc. 45 at 3-7.

The two cases relied upon by Defendants are on all fours with the Steines Family's arguments. In *Bartine v. Diamond Resorts Mgmt., Inc.*, the plaintiffs received an undivided interest in the "condominium parcel" plus the right "to use and occupy an Assigned Unit (though not necessarily the specific Unit identified in his Warranty Deed) ...." *Id.*, at *5. The court held that the plaintiffs' timeshare interest constituted a real property interest under the Florida Timeshare Act. *Id.*, at *5-6. If the "condominium parcel" was one condominium unit or a structure containing no more than four units (unlike here where the Steines Family received an interest in a 203-unit building), then the loan was secured by a real property interest in a "dwelling" and would fall under the MLA's residential mortgage exception. If the "condominium parcel" consisted of more than four units, then a real property interest was conveyed, but not one in a "dwelling." Either way, *Bartine* in no way supports that the interest in the 203-unit building securing the Steines Family's loan is a real property interest in a "dwelling."

4

In *Lennen v. Marriott Ownership Resorts, Inc.,* the defendant had conveyed timeshare interests from multiple properties into a trust (and added new properties over time) and then sold interests in the trust to the plaintiffs. 2021 WL 5834264, at *1-2 (11th Cir. Dec. 9, 2021). The Florida Timeshare Act specifically provides that a "timeshare estate," which "is a parcel of real property," includes "a direct or indirect beneficial interest in a trust that complies in all respects with s. 721.08(2)(c)4 or s. 721.53(1)(e) ...." Fla. Stat § 721.05(34). The Eleventh Circuit accordingly held that the plaintiffs had received real property interests. 2021 WL 5834264, at *9. Importantly, the Eleventh Circuit did not address whether that real property interest constituted an interest in a "dwelling" falling within the residential mortgage exception to the MLA. It would not. It is reasonable to infer that the timeshare interests in multiple properties in the trust consisted of far more than four units. Consequently, the plaintiffs did not receive an interest in a "dwelling."

In the end, Defendants cannot escape the language of the Deed and Timesharing Plan they drafted. A fee interest in a 203-unit building coupled with the right to make a reservation does not constitute a real property interest in a "dwelling" under the MLA.

For the reasons stated herein and for the reasons set forth in the Opposition to Defendants' Motion to Dismiss (Doc. 38), the Steines Family respectfully requests that the Court deny Defendants' Motion to Dismiss (Doc. 28) and to award them all other relief to which they may be justly entitled.

5

DATED:  June 7, 2022.                    /s/Scott R. Jeeves
                                                          JEEVES LAW GROUP, P.A.
Scott R. Jeeves, FBN: 0905630
Kyle W. Woodford, FBN: 1033490
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
sjeeves@jeeveslawgroup.com
kwoodford@jeeveslawgroup.com
khill@jeeveslawgroup.com

JEEVES MANDEL LAW GROUP, P.C.
Roger L. Mandel (admitted pro hac vice)
2833 Crockett St
Suite 135
Fort Worth, TX 76107
Telephone: 214-253-8300
rmandel@jeevesmandellawgroup.com

VARNELL & WARWICK, P.A.
Janet R. Varnell, FBN: 0071072
Brian W. Warwick, FBN: 0605573
Matthew T. Peterson, FBN: 1020720
Erika Willis, FBN: 100021
1101 E. Cumberland Ave.,
Ste. 201H, #105
Tampa, FL 33602
Telephone: (352) 753-8600
Facsimile: (352) 504-3301
jvarnell@varnellandwarwick.com
bwarwick@varnellandwarwick.com
mpeterson@varnellandwarwick.com
ewillis@varnellandwarwick.com
kstroly@varnellandwarwick.com

CRAIG E. ROTHBURD, P.A.
Craig E. Rothburd, FBN: 0049182
Dylan J. Thatcher, FBN: 1031532
320 W. Kennedy Blvd., #700
Tampa, Florida 33606
Telephone: (813) 251-8800
Fax: (813) 251-5042
craig@rothburdpa.com

                          dylan@rothburdpa.com
                          maria@rothburdpa.com

***Counsel for Plaintiffs, individually and on behalf of all others similarly situated***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 7, 2022, the foregoing was electronically filed with the clerk of the court using the CM/ECF Portal, which will send notice of filing and a service copy to all counsel of record.

                          */s/Scott R. Jeeves*
                          Scott R. Jeeves