UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM U. STEINES; MIRANDA L.
STEINES; and ANDREW M
ORMESHER,

    Plaintiffs,

v.                                        Case No: 6:22-cv-629-RBD-DAB

WESTGATE PALACE, LLC;
WESTGATE RESORTS, INC.;
WESTGATE RESORTS, LTD., LP;
CENTRAL FLORIDA
INVESTMENTS, INC.; WESTGATE
VACATION VILLAS, LLC; and CFI
RESORTS MANAGEMENT, INC.:
WESTGATE LAKES, LLC,

    Defendants.

## ORDER

The Court requires a hearing to resolve Defendants' Motion to Compel Arbitration. (*See* Doc. 27 ("Motion").) Plaintiffs, former service members and their spouses, entered into a timeshare agreement with Defendants. (Doc. 60, ¶¶ 4–5.) Plaintiffs are claiming that agreement is void because it has an arbitration clause, which the Military Lending Act ("MLA") prohibits. (Doc. 37, p. 4); 10 U.S.C. § 987. The parties dispute whether the MLA applies at all. (*See* Docs. 27, 37, 45, 46, 47, 48.)

1

On the one hand, Defendants' Arbitration Addendum contains an express delegation provision that commits to an arbitrator the threshold determination of whether the agreement to arbitrate is enforceable. (*See* Doc. 27-1.) This delegation provision divests the court of jurisdiction to review any challenge other than to that provision. *See Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1144 (11th Cir. 2015); *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1295 (11th Cir. 2022) (stating that before enforcing delegation, courts should ensure that the agreement is valid and enforceable).[1]

On the other hand, if the MLA applies it would render the delegation provision in Defendants' Arbitration Addendum void *ab initio* and unenforceable. *See* 10 U.S.C. §§ 987(e)(3), (f)(3), (f)(4). The central issue here is whether Plaintiffs' timeshare loans constitute "a residential mortgage" exempt from the MLA's coverage. *See* 10 U.S.C. § 987(i)(6). The Department of Defense ("DOD") defines a residential mortgage as "any credit transaction secured by an interest in a dwelling[.]"[2] *See* 32 C.F.R. § 232.3(f)(2)(i). To properly address this issue, the Court will provide the parties an opportunity to present evidence bearing on the

---

[1] A dispute about the enforceability of a delegation agreement may not be submitted to an arbitrator. *See Klay v. All Defendants*, 389 F.3d 1191, 1200 (11th Cir. 2004) (holding without an enforceable agreement, a court "cannot compel the parties to settle their dispute in an arbitral forum").

[2] Congress provided no definition of "residential" in the MLA, nor did the DOD in the implementing regulations, and so the term shall be accorded its ordinary meaning. *See Mills Music, Inc. v. Snyder*, 469 U.S. 153, 164 (1985).

classification of Plaintiffs' timeshare estates as "residential structure[s]." *See* 32 C.F.R. § 232.3(k).

In evaluating whether a place of temporary occupancy qualifies as a "residence" in other contexts courts generally consider a number of factors. *See, e.g.*, *Schwarz v. City of Treasure Island*, 8:05-cv-1696, 2006 WL 2521399, at *9 (M.D. Fla. Aug. 1, 2006), *aff'd*, 243 F. App'x. 587 (11th Cir. 2007) (discussing residence in the Fair Housing Act context). While a different policy and statutory scheme may animate the analysis of the MLA, the *Schwarz* factors may be relevant for classifying a property as a "residential structure" for purposes of the MLA.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Court will conduct a hearing on Defendants' Motion to Compel Arbitration (Doc. 27) on **Tuesday, September 6, 2022, at 1:30 p.m.** in Orlando Courtroom 4A.

2. The parties are **DIRECTED** to produce any evidence relevant to *the Schwarz* factors, and any other evidence they consider relevant to the analysis. In particular, the parties should present evidence on the availability of timeshare exchange programs within Defendants' timeshare plan, the amount of occupancy at Westgate Palace attributed to exchanges and other non-owner bookings, any limitations on the number of timeshare weeks a consumer can purchase, any taxes

timeshare owners pay on the property, and any efforts Defendants make to market their product specifically to veterans.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 15, 2022.

ROY B. DALTON JR.
United States District Judge