UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ADAM U. STEINES, individually, and on behalf of all others similarly situated, and MIRANDA L. STEINES, individually, and on behalf of all others similarly situated, and ANDREW M. ORMESHER, individually and on behalf of all others similarly situated, | Case No. 6:22-cv-629-RBD-DAB |
| Plaintiffs, | |
| v. | |
| WESTGATE PALACE, L.L.C., a Florida limited liability company, WESTGATE RESORTS, INC., a Florida corporation, and WESTGATE RESORTS, LTD., L.P., a Florida limited partnership, CENTRAL FLORIDA INVESTMENTS, INC., WESTGATE VACATION VILLAS, LLC, CFI RESORTS MANAGEMENT, INC., and WESTGATE LAKES, LLC | CLASS ACTION |
| Defendants. | |

## PLAINTIFFS' RESPONSE TO MOTION TO COMPEL DISCOVERY

Plaintiffs Adam Steines, Miranda Steines, and Andrew Ormesher ("Plaintiffs"), hereby respond to the Motion to Compel [Doc. No. 87] filed by Defendants. In response, Plaintiffs state as follows:

## ARGUMENT

**A.**     **Defendants' Voluntarily Shared a List of Customers to Plaintiffs and Any Dispute Is Not Ripe**

Defendants' claim that there is present discovery dispute as a result of a dataset it voluntarily provided to Plaintiffs but there is no actual dispute as the information requested does not yet exist. In this Motion at page 3, it seeks to compel Plaintiffs to determine who are the active-duty military members that entered into timeshare transactions with Defendants.  Both sides have an interest in knowing which Westgate customers are "covered members" in this litigation. The information that Defendants seek is a part of an informal discovery exchange that was not made pursuant to any formal discovery request by Defendants. Instead, the parties made an informal agreement on July 26, 2022 following the Court's evidentiary hearing on Westgate's Motion to Compel Arbitration.  Westgate agreed that it would provide a dataset of customer information and Plaintiffs offered to attempt to run that information through the Military Lending Act database to identify at least a subset of class members.  On October 3, 2022, Defendants' provided the dataset to Plaintiffs, with the express caveat that "this dataset is not responsive to or relevant to this litigation." Doc. No. 87-9. Plaintiffs endeavored to take this action but were unable to do so despite diligent effort.[1] Plaintiffs determined that it would be more prudent to await the Court's Order

---

[1] The MLA database does not permit Plaintiffs to run batch searches without a Court order as they are not in the business of extending credit. Other avenues of obtaining the information attempted by Plaintiffs were met with the admonishment that lists of military members are a security risk and that such information should only be sought when absolutely necessary to the litigation.

on applicability of the Military Lending Act (MLA) before pressuring Federal agencies to provide the information or before requesting an Order from the Court to assist in obtaining the identity of class members.  Immediately following the Court's ruling on MLA applicability, Plaintiffs began utilizing all available means to obtain the information that both the Plaintiffs and the Defendants wish to obtain. That information is likely to be available after the holidays in the month of January.

Regardless, this not a discovery dispute at all because as Defendants' admitted this dataset was not provide as a part of discovery and it was not produced in response to any formal discovery request.  The Middle District of Florida does not permit motions to compel based on informal discovery requests:

> A.   ORAL REQUESTS FOR PRODUCTION OF DOCUMENTS. As a practical matter, many attorneys produce or exchange documents upon informal request, often confirmed by letter. An attorney's promise that documents will be produced should be honored. Requests for production of documents and responses may be made on the record at depositions but usually should be confirmed in writing to avoid uncertainty. **<u>Attorneys are reminded that informal requests may not support a motion to compel.</u>**

Middle District of Florida, Civil Discovery Handbook, at III(A)(11) (emphasis added). Here, Defendants voluntarily produced a dataset to Plaintiffs in an informal matter that was "not responsive to or relevant to this litigation." Doc. No. 87-9. Defendants' informal production of a dataset and its request that the information be extracted therefrom by Plaintiffs cannot be a basis for a discovery dispute.

Defendants did not serve a formal discovery request specifically seeking this information that is the subject of this motion until December 9, 2022, the same date it filed this Motion to Compel. Attached as Exhibit A. This further highlights Defendants' own recognition that a present discovery dispute does not exist and responses are not even due until January 8, 2023. To the extent that any discovery dispute could arise, it is not ripe for a determination by this Court.

Even so, Defendants' claim that such information was requested in connection with Defendants Request for Interrogatories Nos. 10, 11, and 13 which seeks to have Plaintiffs "[i]dentify the names, addresses, and telephone numbers of any person You claim may be a member of the putative class alleged in the Complaint, and identify the specific knowledge that each such person may have." [Doc No. 87-1 and 87-4]. However, as Defendants were informed through the meet and confer email on December 5, 2022 [Doc No. 87-8] and Plaintiffs' Responses to the Interrogatories [Doc. Nos. 87-2, 87-3, 87-5], Plaintiffs do not currently have such information within their possession, custody, or control. At this point, Plaintiffs cannot be compelled to respond to discovery where they lack such information.

**B.    Defendants' Request to Compel a Privilege Log Is Moot**

Defendants' motion to compel the production of Plaintiffs' privilege log is moot as Plaintiffs served a log on December 9, 2022, the same day the motion was filed and before this response. See service email, dated December 9, 2022, attached hereto as Exhibit B. Where a log is produce prior to a response to a motion to compel discovery, such a claim is moot. *See Kincaid v. Allstate Prop. & Cas. in S. Co.*, 13-14030-CIV, 2013

WL 12092215, at *2 (S.D. Fla. Oct. 29, 2013) (denying motion to compel log as moot because it was served prior to response deadline). Plaintiffs served a log before the response deadline and within 3 days after the meet and confer occurred on this issue. Therefore, the request to compel a privilege log is moot.

**C.    Defendants' Overbroad Request for Plaintiffs' Other Credit Disclosures Is Not Relevant to Plaintiffs' MLA Claims Against Defendants**

Defendants' overbroad and irrelevant requests seeks documents as to "any extension of credit [Plaintiffs] have received" and "relating to any credit disclosure statement [Plaintiffs] have received from a creditor as a part of an application for credit." [Doc Nos. 87-2, 87-6]. On their face, these requests are overbroad, irrelevant and unduly burdensome as it seeks information as to Plaintiffs other credit transactions for the past 5 years that are not limited to the current timeshare transaction with Defendants, any other timeshare transaction, or just transactions that implicate the MLA. Whether Plaintiffs received any credit disclosures by another entity has no bearing on the issues in this lawsuit – whether Defendants complied with the MLA by providing accurate credit disclosures to Plaintiffs. Any other credit transactions or disclosures will not provide or disprove any of the defenses or claims in this case as the MLA does look to a creditor or borrower's knowledge, but is instead a strict liability statute where Plaintiffs' knowledge about other credit disclosures or transaction is not relevant in order to void the agreement.

Defendants' motion does a poor job of explaining why they are entitled to such information. Instead, Defendants' claim that because Plaintiffs were harmed by

Westgate's inadequate credit disclosures, they are entitled to every credit transaction under the sun. This is does not explain why this information is actually relevant or discoverable to the claim of whether Defendants' provided accurate MLA disclosures to Plaintiffs. Indeed, Plaintiffs were injured by being required to pay under the terms of a void contract based on Defendants' MLA violations.

Defendants reliance on *Zurich Am. Ins. Co. v. Hardin*, No. 8:14-CV-775-T-23AAS, 2019 WL 3082608, at *5 (M.D. Fla. 2019) is misplaced and easily distinguishable. In *Zurich*, plaintiff moved to compel the production of credit information from defendant in aid of execution of a judgment after a large portion remain unpaid. *Id.* at *1. Plaintiff alleged that Defendants depleted assets and transferred assets in an attempt to evade payment of the judgment. *Id*. The Court granted the motion to compel the financial information of the defendants based on these facts. However, here, the pending discovery requests were neither made in aid of execution of a judgment nor are there any allegations of asset depletion. The issue here is whether Defendants provided MLA disclosures to Plaintiffs, not what other credit or financial disclosures they received from other entities. This is no way relates to any defense or issue in this suit especially because the MLA is a strict liability statute; thus, Plaintiffs' objections should stand.

**D.     Plaintiff Ormesher's Objection to Defendants' Invented Phrase "Called to Duty" Was Proper**

Defendants take issue with Plaintiff Ormesher's objection to the phrase "called to duty" as that term is defined by Defendants' Requests for Admission. Defendants'

definitions provides that the phrase "call to duty" "means a call to duty pursuant to an order to full-time National Guard duty for a period of 180 consecutive days or more for the purpose of organizing, administering, recruiting, instructing, or training the reserve components." [Doc. No. 87-4 at pg. 23.] Tellingly, Defendants' definition did not contain any citation to the MLA or any other statutory provision. When asked during the purported meet and confer on this issue, Defendants further failed to provide any citation for such a definition. Instead, 10 USC § 987 does not define that term at all, but provides that a covered member is defined as  "a member of the armed forces who is— (A)on active duty under a call or order that does not specify a period of 30 days or less; or (B) on active Guard and Reserve Duty." 10 USC § 987(i)(1).

In its motion, Defendants cite to 32 CFR § 232.3(g)(2)(ii) to support their definition of their invented phrase "called to duty." It seems as if Defendants are attempting to define the term "Active Guard and Reserve duty" (defined below) as "called to duty" (the term used in their discovery requests) which is fully defined as:

> active duty performed by a member of a reserve component of the Army, Navy, Air Force, or Marine Corps, **or** full-time National Guard duty performed by a member of the National Guard pursuant to an order to full-time National Guard duty, for a period of 180 consecutive days or more for the purpose of organizing, administering, recruiting, instructing, or training the reserve components. 101(6)(A) (emphasis added).

In Defendants' definition, it ignores the entire first portion of the definition before the OR and instead only focuses on the second portion in order to meet it self serving needs. As such, Plaintiff Ormesher's objection is proper as the term "called to

duty" is not defined under the MLA and Defendants ignore the complete language of the MLA and defines the term as it sees appropriate.

Defendants further state that Plaintiff Ormesher "refuses to adequately respond," but Plaintiff Ormesher did not refuse to respond to Request for Admission No. 5, instead Plaintiff objected to Defendants' own created definition of "called to duty" and responded that "Plaintiff objects to the phrase "Called to Duty" as vague and ambiguous as it does not conform with the definitions provided in the Military Lending Act and/or a "covered member" under the Military Lending Act. Subject to the foregoing objection and without waiver of same, Plaintiff was a member of the Air National Guard when he financed the Westgate Timeshare, denied as phrased by the Request." Request for Admission responses not attached to the Motion, see Exhibit C. Defendants simply do not like the response provided by Plaintiff Ormesher so they seek to move to compel a response that fits within their own definitions and own legal theories.

WHERFORE, Plaintiffs respectfully request that the Motion to Compel be denied and for such other and further relief as the Court deems just and proper.

Dated: December 23, 2022          **VARNELL & WARWICK, P.A.**

/s/ Erika R. Willis
Erika R. Willis (FBN 100021)
Janet R. Varnell (FBN 0071072)
Brian W. Warwick (FBN 0605573)
Matthew T. Peterson (FBN 1020720)
1101 E. Cumberland Ave., Ste. 201H, #105
Tampa, Florida 33602
Telephone: (352) 753-8600

Facsimile: (352) 504-3301
Telephone:  (352) 753-8600
Facsimile:  (352) 504-3301
*jvarnell@vandwlaw.com*
*bwarwick@vandwlaw.com*
*mpeterson@vandwlaw.com*
*ewillis@vandwlaw.com*
*ckoerner@vandwlaw.com*

CRAIG E. ROTHBURD, P.A.
Craig E. Rothburd, FBN: 0049182
Dylan J. Thatcher, FBN: 1031532
320 W. Kennedy Blvd., #700
Tampa, Florida   33606
Telephone:   (813) 251-8800
Fax:            (813) 251-5042
*craig@rothburdpa.com*
*dylan@rothburdpa.com*
*maria@rothburdpa.com*

JEEVES LAW GROUP, P.A.
Scott R. Jeeves, FBN: 0905630
Kyle W. Woodford, FBN: 1033490
2132 Central Avenue
St. Petersburg, Florida 33712
Telephone: (727) 894-2929
*sjeeves@jeeveslawgroup.com*
*kwoodford@jeeveslawgroup.com*
*khill@jeeveslawgroup.com*

JEEVES MANDEL LAW GROUP, P.C.
Roger L. Mandel (Admitted P*ro Hac Vice*)
2833 Crockett St., Suite 135
Fort Worth, TX  76107
Telephone: (214) 253-8300
*rmandel@jeevesmandellawgroup.com*

***Counsel for Plaintiffs, individually and on
behalf of all others similarly situated***

9

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 23rd[d] day of December, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve all counsel of record.


/s/ Erika R. Willis
Erika R. Willis