UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM U. STEINES, and
MIRANDA L. STEINES,

    Plaintiff,

v.

WESTGATE PALACE, LLC,
WESTGATE RESORTS, INC.,
WESTGATE RESORTS, LTD.,
CENRAL FLORIDA
INVESTMENTS, INC.,
WESTGATE VACATION
VILLAS, LLC, and CFI RESORTS
MANAGEMENT, INC.,

    Defendants.

Case No.: 6:22-cv-629-RBD-DAB

**ORDER**

This cause comes before the Court on Plaintiffs' Motion to Compel Production of Payment and Account Balance Data (Doc. 141), Motion for Protective Order to Prevent Depositions of Absent Class Members (Doc. 142), and Motion to Compel Better Responses to Plaintiff's Document Requests and Interrogatories (Doc. 148). The undersigned held a hearing with the parties on April 10, 2025. The Court orally denied Plaintiffs' Motion to Compel Production of Payment and Account Balance Data (Doc. 141) and granted Plaintiffs' Motion for Protective Order (Doc. 142). The Court further ordered the parties to confer after the hearing and file a document on April 11, 2025, outlining the parties' respective positions on Plaintiffs' Motion to Compel Better Responses to Plaintiffs' Document Requests

and Interrogatories. (Doc. 148). As discussed at the hearing, the Court issues this written Order to further explain its reasoning.

## I. BACKGROUND[1]

On January 14, 2025, Plaintiffs Adam Steines and Miranda Steines filed their Third Amended Class Action Complaint against Defendants Westgate Palace, LLC, Westgate Resorts, Inc., Westgate Resorts, Ltd., Central Florida Investments, Inc., Westgate Vacation Villas, LLC, and CFI Resorts Management, Inc. (Doc. 128). The Complaint seeks to enforce the Military Lending Act ("MLA"), 10 U.S.C. § 987. (Doc. 128 ¶ 1). Plaintiffs assert that Westgate failed to comply with the MLA by (i) not providing disclosures under the MLA, (ii) requiring Plaintiffs to submit to arbitration, and (iii) requiring jury trial and class action waivers. (Doc. 128 ¶¶ 47-49, 51-53). Plaintiffs seek actual damages, punitive damages, appropriate equitable or declaratory relief, and attorney fees and costs. (Doc. 128 ¶ 107). All Defendants filed their Answers and Affirmative Defenses on February 13, 2025. (Docs. 134, 135, 136, 137, 138, 139).

Plaintiffs filed their Motion to Compel Production of Payment and Account Balance Data on March 27, 2025. (Doc. 141). On April 1, 2025, Plaintiffs filed their Motion for Protective Order to Prevent Depositions of Absent Class Members. (Doc.

---

[1] This case was filed in February 2002 but is still in its early stages due to Defendants' seeking to compel arbitration. That effort was denied by this Court in December 2022 (Doc. 88) and by the Eleventh Circuit in September 2024 (Doc. 121; mandate issued October 29, 2024 (Doc. 123)).

142). Plaintiffs filed their Motion to Compel Better Responses to Plaintiff's Document Requests and Interrogatories on April 8, 2025. (Doc. 148). On April 7, 2025, Defendants filed their Response in Opposition to Plaintiffs' Motion to Compel Production (Doc. 146) and Motion for Protective Order (Doc. 145).

The Court held a hearing with the parties on the pending motions on April 10, 2025. The Court orally denied Plaintiffs' Motion to Compel Production of Payment and Account Balance Data (Doc. 141) and granted Plaintiffs' Motion for Protective Order (Doc. 142). The Court discusses the motions and the Court's reasoning for its rulings below.

## II.  DISCUSSION

### A. Plaintiffs' Motion to Compel Production of Payment and Account Balance Data

Plaintiffs seek to compel Defendants to produce payment and account balance data, which Plaintiffs intend to use "to calculate [class members'] restitution to show (for certification) that this can be done on a mechanical basis." (Doc. 141 at 1). Defendants object, arguing that Plaintiffs request "goes well beyond the 'claims and defenses framed by the pleadings' and is thus impermissible." (Doc. 146 at 1).

Defendants' argument in opposition is in three parts. "First, while Plaintiffs will need to establish a mechanical basis to calculate alleged damages on a class-wide basis, the dollar amounts sought are irrelevant . . . . Second, whether a putative class member made payments does not answer the question of standing . . . . Third,

debt cancellation has nothing to do with Plaintiffs' requested relief." (Doc. 146 at 2–3).

The Court concludes that the information sought by Plaintiffs is a matter of proof should a class be approved. Plaintiffs have not shown that the requested information is needed for their class certification motion. Thus, the Court **DENIES without prejudice** Plaintiff's Motion to Compel Production of Payment and Account Balance Data (doc. 141) at this time. Plaintiffs may refile the motion after determination of class certification.

### B. Plaintiffs' Motion for Protective Order

Defendants noticed four putative class members for deposition on the following dates: April 14, 2025; April 15, 2025; and April 21, 2025. (Doc.142 at 1). On April 1, 2025, Plaintiffs filed their Motion for Rule 23(d) Protective Order to Prevent Depositions of Absent Class Members. (Doc. 142). Plaintiffs argue that Defendants cannot show a "particularized need" for the depositions that justifies the substantial burdens Defendants will impose on the absent class members. (Doc. 142 at 3).

Defendant "Westgate seeks to depose only four putative class members, all via Zoom videoconference, for no more than a half-day each." (Doc. 145 at 1). Defendant argues that "the non-party discovery sought is plainly permissible under Rule 26, not prohibited by Rule 23, and consistent with judicial guidelines regarding discovery from putative class members." (Doc. 145 at 2).

With respect to a party in litigation, a half-day electronic deposition is not particularly burdensome and would proceed in the ordinary course. However, putative class members are, by definition, not parties and may not even be aware that litigation is pending. For such individuals, being subpoenaed and having to set aside time and prepare for deposition is considerably more disruptive. Seeking discovery from putative class members also tends to undermine the whole reason for class proceedings. Accordingly, depositions such as these are typically disfavored in the absence of compelling need.

Here, Defendants primarily seek to demonstrate that some putative class members lack standing under cases such as *Transunion LLC v. Ramirez,* 141 S.Ct. 2190 (2021) and *Cordoba v. DIRECTTV, LLC,* 942 F.3d 1259 (11th Cir. 2019). However compelling Defendants' standing arguments may be, they have shown how taking testimony from four putative class members (however chosen) aids the standing inquiry. With respect to class certification matters, the standing issue is essentially legal, not involving analysis of the actions or thoughts of particular servicemember customers.

The motion for protective order (doc. 142) is accordingly **GRANTED** to bar depositions of putative class members.

### C. Plaintiffs' Motion to Compel Better Responses

On April 8, 2025, Plaintiffs filed a Motion to Compel, seeking a "ruling on whether Defendants must fully respond to discovery requests and fully produce

responsive documents." (Doc. 148). At the hearing held on April 10, 2025, the Court ordered the parties to meet and confer after the hearing in an effort to resolve or narrow the matters at issue in this motion. The parties filed a status report indicating substantial agreement had been reached (Doc. 158), subject to the need for subsequent clarification. The Motion (Doc. 148) is **GRANTED in part and DENIED in part** in accordance with the parties' agreement.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on April 21, 2025.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record