UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM U. STEINES; and
MIRANDA L. STEINES,

    Plaintiffs,

    v.

WESTGATE PALACE, L.L.C;
WESTGATE RESORTS, INC.;
WESTGATE RESORTS, LTD.,
LP; CENTRAL FLORIDA
INVESTMENTS, INC.;
WESTGATE VACATION
VILLAS, LLC; and CFI
RESORTS MANAGEMENT,
INC.,

    Defendants.

Case No.
6:22-cv-629-RBD-RMN

## ORDER

This cause is before the Court on Plaintiff's renewed Motion to Compel Production of Payment and Account Balance Data (Dkt. 162). Defendants responded in opposition. Dkt. 163. Upon consideration, and because the Court construes the motion as a motion for reconsideration, it is due to be denied.

On March 27, 2025, Plaintiffs filed their first Motion to Compel, which was denied. *See* Dkts. 141, 159. In the Order denying the Motion, the Court stated, "that the information sought by Plaintiffs is a matter of proof should a class be approved," and that "Plaintiffs may refile the motion after determination of class certification." Dkt. 159 at 4.

The instant Motion seeks the same relief that the Court previously denied. *See* Dkt. 162 at 2 (stating Plaintiffs considered waiting to "refile the motion," as the Court directed). For this reason, the Court construes the Motion as one for reconsideration of the Order denying Plaintiff's first Motion to Compel (Dkt. 141).

The standard applied to a request for reconsideration is strict. This is so because "reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000) (citing *Sussman v. Salem, Saxon & Nielsen*, 153 F.R.D. 689 (M.D. Fla. 1994)). Reconsideration is appropriate only if the movant demonstrates that (1) there has been an intervening change in the law, (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) the court made a clear error of law. *Sussman*, 153 F.R.D. at 694.

Plaintiff does not raise an intervening change in law, provide new evidence that was not available at the time the Court rendered its decision, or demonstrate the need to correct clear error or manifest

injustice. Plaintiff merely requests relief previously denied by this Court. The Motion is therefore due to be denied.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Compel Payment and Account Balance Data (Dkt. 162) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on August 20, 2025.

_____

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record